*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

## UNITED STATES
Appellant

**v.**

## William C. S. HENNESSY, Airman First Class
United States Air Force, Appellee

**No. 25-0112**
Crim. App. No. 40439

Argued October 21, 2025—Decided January 23, 2026

Military Judge: Sterling C. Pendleton

For Appellant: *Major Kate E. Lee* (argued); *Colonel Matthew D. Talcott*, *Lieutenant Colonel Jenny A. Liabenow*, and *Mary Ellen Payne*, Esq. (on brief).

For Appellee: *Major Heather M. Bruha* (argued); *Philip D. Cave,* Esq. (on brief).

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, and Judge JOHNSON joined. Judge HARDY filed a separate opinion concurring in the judgment.

————————

Judge MAGGS delivered the opinion of the Court.

A general court-martial found Appellee guilty, contrary to his pleas, of several offenses, including one specification of sexual assault without consent in violation of Article 120(b)(2)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(b)(2)(A) (2018). The United States Air Force Court of Criminal Appeals (AFCCA) set aside this finding on the ground that the evidence was factually insufficient. *United States v. Hennessy*, No. ACM 40439, 2024 CCA LEXIS 503, at *3, 2024 WL 4880712, at *2 (A.F. Ct. Crim. App. Nov. 25, 2024) (unpublished). Relying on this Court's recent decision in *United States v. Mendoza*, 85 M.J. 213 (C.A.A.F. 2024), the AFCCA explained that it was "not convinced beyond a reasonable doubt that [the alleged victim] was, at the time of the sexual act, capable of consenting, but did not consent." *Hennessy*, 2024 CCA LEXIS 503, at *22, 2024 WL 4880712, at *8.

Major General Rebecca R. Vernon certified the following question to this Court: "Whether the Air Force Court of Criminal Appeals erred in applying *United States v. Mendoza . . .* to find Appellee's sexual assault conviction factually insufficient."[1] We answer this question in the affirmative. Because the AFCCA did not consider all applicable legal principles, we remand for a new factual sufficiency review consistent with this opinion.

## I. Background

The specification at issue alleged that Appellee, in violation of Article 120(b)(2)(A), UCMJ, "did, at or near Spangdahlem Air Base, Germany, on or about 8 June 2019, commit a sexual act upon [K.E.] by penetrating her vulva with his penis, without her consent."

---

[1] Major General Vernon's signature on the certificate for review is accompanied by this notation: "Performing The Duties Of The Judge Advocate General." After considering Appellee's arguments, we are satisfied that this Court has jurisdiction here.

The Government sought to prove this specification by calling K.E. as a witness. K.E. testified that she met Appellee via social media, exchanged messages, and subsequently decided to spend time together in Appellee's dorm room. She testified that in the dorm room, Appellee attempted to kiss her several times, but she pulled away and then left. K.E. testified that later that day, Appellee sent a message to K.E. stating "I'm sorry if I was moving too fast" and asking if they could "start over" by hanging out later that evening at the Enlisted Club (E-Club) for a concert. K.E. testified that she agreed and that she spent the evening with Appellee at the E-Club where she became intoxicated. K.E. testified that Appellee tried to rub her back, but she removed his hand. K.E. testified that Appellee later in the evening asked her "my room or yours?" and she responded "[y]ou go to yours and I'll go to mine." K.E. testified that at the end of the evening she was tired and intoxicated and Appellee gave her a "piggyback ride."

K.E. testified that her next memory was waking up in Appellee's bed while Appellee penetrated her vulva with his penis. K.E. testified that she "decided to fake sleep to get him to stop," explaining: "I closed my eyes and turned my head to the right to face his wall." K.E. testified that Appellee called her name, shook her shoulder, and tried to get her to open her eyes and, when she did not respond, Appellee stopped and went to the bathroom. K.E. testified that she left Appellee's room and immediately told another airman that "I just got raped." That same night K.E. reported the incident to the Sexual Assault Response Coordinator and underwent an examination by a sexual assault medical forensic examiner.

Defense counsel called a forensic psychologist as an expert witness who testified about a condition called an "alcohol blackout." He testified that during an alcohol blackout, a person's ability to form and retain memories is compromised. He further testified that a person experiencing an alcohol blackout is not necessarily too intoxicated to engage in consensual sexual activity.

A general court-martial found Appellee guilty, contrary to his pleas, of the specification of sexual assault without consent. For this and other offenses,[2] he was sentenced to a dishonorable discharge, confinement for thirty-four months, reduction to the grade of E-1, and a reprimand.

The AFCCA initially upheld the legal and factual sufficiency of Appellee's sexual assault conviction. *United States v. Hennessy*, No. ACM 40439, 2024 CCA LEXIS 343, at *20, 2024 WL 3886900, at *8 (A.F. Ct. Crim. App. Aug. 20, 2024) (unpublished). However, following this Court's opinion in *Mendoza*, the AFCCA vacated its opinion, and found Appellee's conviction for sexual assault factually insufficient. *Hennessy*, 2024 CCA LEXIS 503, at *23, 2024 WL 4880712, at *8.

The AFCCA quoted *Mendoza*'s statement that the offense of sexual assault without consent criminalizes conduct "upon a victim who is capable of consenting but does not consent." *Id.* at *19, 2024 WL 4880712, at *7 (internal quotation marks omitted) (citation omitted). The AFCCA then stated that the evidence was factually insufficient to meet this requirement because the "evidence leaves significant questions unanswered related to whether [K.E.] was capable of consenting." *Id.* at *21, 2024 WL 4880712, at *8. The AFCCA saw no evidence "illuminating what actually occurred between" the piggyback ride and K.E.'s "waking up in Appell[ee]'s room with Appell[ee] inside of [K.E.] having sex with her." *Id.* at *22, 2024 WL 4880712, at *8. The AFCCA restated the forensic psychologist's testimony that it was possible that K.E. experienced an alcohol blackout, meaning she was unable to form and retain memories but might have been capable of "engag[ing] in voluntary behavior in relation to the charged sexual act." *Id.*, 2024 WL 4880712, at *8. The AFCCA concluded: "In the absence of evidence related to

---

[2] The general court-martial also found Appellee guilty, contrary to his pleas, of two specifications of abusive sexual contact in violation of Article 120(b)(4)(D), UCMJ, for touching two other victims without their consent.

that time period, we are not convinced beyond a reasonable doubt that [K.E.] was, at the time of the sexual act, capable of consenting, but did not consent." *Id.*, 2024 WL 4880712, at *8.

## II. Standard of Review

This Court reviews de novo the legal sufficiency of the evidence. *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019). "The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gutierrez*, 73 M.J. 172, 175 (C.A.A.F. 2014) (internal quotation marks omitted) (quoting *United States v. Bennitt*, 72 M.J. 266, 268 (C.A.A.F. 2013)). This Court may review whether a Court of Criminal Appeals (CCA) applied "correct legal principles" in performing its factual sufficiency review. *United States v. Harvey*, 85 M.J. 127, 129 (C.A.A.F. 2024).

## III. Discussion

### A. Applicable Legal Principles

Article 120(b)(2)(A), UCMJ, establishes the offense of sexual assault without consent. *Manual for Courts-Martial, United States* pt. IV, para. 60.a.(b)(2)(A) (2019 ed.) (*MCM*). This article provides: "Any person subject to this chapter who— . . . (2) commits a sexual act upon another person—(A) without the consent of the other person . . . is guilty of sexual assault and shall be punished as a court-martial may direct." 10 U.S.C. § 920(b)(2)(A). Based on this language, the government must prove two elements beyond a reasonable doubt: "(i) That the accused committed a sexual act upon another person; and (ii) That the accused did so without the consent of the other person." *MCM* pt. IV, para. 60.b.(2)(d)(i)-(ii).

The parties in this case disagree about whether the AFCCA properly assessed the factual sufficiency of the evidence to prove the "without . . . consent" element in Article 120(b)(2)(A), UCMJ. In *United States v. Moore*, __

M.J. __, __ (6-10) (C.A.A.F. 2026), another case decided today, this Court identified three legal principles that may resolve disputes about the legal and factual sufficiency of evidence to prove the "without . . . consent" element. We review these principles here.

The first legal principle identified in *Moore* is this Court's holding in *Mendoza. Moore*, __ M.J. at __ (6-7). In *Mendoza*, this Court decided that "the Government cannot . . . prove the absence of consent under Article 120(b)(2)(A), UCMJ, by *merely* establishing that the victim" was incapable of consenting at the time of the sexual act. 85 M.J. at 222 (emphasis added).

The second legal principle identified in *Moore* is this:

> If a rational trier of fact could find from the evidence *both* that the victim did not consent before falling asleep *and* that the sexual act subsequently occurred while the victim was asleep, the evidence is legally sufficient to prove the "without . . . consent" element of Article 120(b)(2)(A), UCMJ.

__ M.J. at __ (8). But even though the evidence may be legally sufficient, a CCA could still find the evidence to be factually insufficient. *Id.* at __ (10).

The third legal principle identified in *Moore* is our holding in *United States v. Casillas*, 86 M.J. 94 (C.A.A.F. 2025). *Moore*, __ M.J. at __ (10). In *Casillas*, the Court held that evidence may be legally sufficient to prove the "without . . . consent" element if the evidence shows that the victim was asleep when the sexual act began but awoke before the sexual act was complete and, while awake, did not consent to the ongoing sexual act. 86 M.J. at 102. But again, even though the evidence may be legally sufficient, a CCA could still find the evidence to be factually insufficient. *Moore*, __ M.J. at __ (12).

## B. Factual Sufficiency

The AFCCA's decision did not violate the first or second legal principles identified in *Moore*. Those principles apply

when the evidence shows that a person was asleep or too intoxicated to consent. Here, the AFCCA concluded, based on K.E.'s lack of memory and the expert testimony about alcohol blackouts, that it could not be sure what happened between the piggyback ride and K.E.'s waking up. *Hennessy*, 2024 CCA LEXIS 503, at \*22, 2024 WL 4880712, at \*8. The AFCCA accordingly was not convinced beyond a reasonable doubt that K.E. had not given her consent. *Id.*, 2024 WL 4880712, at \*8.

But we hold that the AFCCA did not conduct a complete factual sufficiency review because it did not consider the application of the third legal principle discussed in *Moore*.[3] This third principle, as stated above, is that evidence may be sufficient to prove the "without . . . consent" element if the evidence shows that the victim was asleep when the sexual act began but awoke before the sexual act was complete and, while awake, did not consent to the ongoing sexual act. Here, K.E. testified that she woke up while the sexual act was occurring and that she undertook efforts "to get [Appellee] to stop" the sexual act. The AFCCA did not address the possibility that this testimony proved the "without . . . consent" element of Article 120(b)(2)(A), UCMJ, beyond a reasonable doubt. We therefore remand the case for a new review consistent with this opinion. We of course express no opinion on whether the AFCCA should or should not find the evidence to be factually sufficient.

## IV. Conclusion

The certified question is answered in the affirmative. The decision of the United States Air Force Court of Criminal Appeals is set aside. The record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review of the factual sufficiency of the evidence, consistent with this opinion.

---

[3] The third principle is this Court's holding in *Casillas*, which was decided after the AFCCA decided this case.

Judge HARDY, concurring in the judgment.

For the reasons stated in *United States v. Casillas*, 86 M.J. 94 (C.A.A.F. 2025), I agree that the decision of the United States Air Force Court of Criminal Appeals should be set aside.